IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Alvin Marshall,<br>    Petitioner, | )<br>)<br>) |
| v. | )    1:15cv312 (TSE/JFA)<br>) |
| Warden Earl Barksdale,<br>    Respondent. | )<br>)<br>) |

## MEMORANDUM OPINION

Alvin Marshall, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction of first degree murder and other offenses in the Circuit Court for Henrico County. Petitioner has submitted the requisite filing fee, pursuant to 28 U.S.C. § 1914(a). By Order dated March 27, 2015, petitioner was directed to show cause within thirty (30) days why the petition should not be dismissed as time-barred. On May 1, 2015, petitioner filed a response to the Court's Order. After careful consideration of petitioner's arguments, the petition must be dismissed as time-barred.

A petition for a writ of habeas corpus pursuant to § 2254 must be dismissed if filed later than one year after (1) the judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D).[1]

In the instant case, petitioner was convicted and sentenced pursuant to a plea of guilty on October 29, 2013. Pet. at 1. Because petitioner took no direct appeal, Pet. at 2, his conviction

---

[1] Petitioner expresses the understanding that the limitations period for a federal habeas application is two years. Pet. at 14. Unfortunately, that is incorrect.

became final thirty days later, on November 28, 2013. See United States v. Williams, 139 F.3d 896 (table), 1998 WL 120116 (4th Cir. Mar. 5, 1998) at *2 ("Under Virginia law, a conviction is final thirty days after the entry of the judgment of conviction.").

In calculating the one-year limitations period, the Court must exclude the time during which properly-filed state collateral proceedings pursued by petitioner were pending. See 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (determining that the definition of "properly filed" state collateral proceedings, as required by § 2244(d)(2), is based on the applicable state law as interpreted by state courts). Petitioner here states that he "just recently" filed a state habeas corpus action in the Supreme Court of Virginia. Pet. at appended p. 1. The Case Information website of the Supreme Court of Virginia reflects that the petition was filed on February 9, 2015, and currently remains pending. Petitioner also filed the instant federal petition on February 9, 2015.[2]

Between November 28, 2013, the date petitioner's conviction became final, and February 9, 2015, the date petitioner filed both his state habeas petition and this federal petition, 437 days passed. Therefore, the instant petition was filed **72** days beyond the one-year limit. Accordingly, the petition is untimely under § 2244(d), unless petitioner can establish that the statute of limitations does not apply or should otherwise be tolled. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002) (requiring notice and the opportunity to respond before a sua sponte dismissal under § 2244(d)).

---

[2] For purposes of calculating the statute of limitations, a petition is deemed filed when the prisoner delivers his pleading to prison officials. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). In his petition, petitioner avers that he placed his petition in the prison mailing system on February 9, 2015. Pet. at 15. The Court received the petition on March 11, 2015.

In response to the Order of March 27, petitioner filed the following statement: "My state habeas petition is still pending and ... your federal time limit don't [sic] expire or start untill [sic] after my state habeas expires. The federal courts time limits shouldn't start untill [sic] after my state remedies expired." Dkt. 4. Unfortunately, petitioner's apparent belief that the federal limitations period commences after state postconviction proceedings have concluded is mistaken. The plain language of § 2244(d)(1) provides in relevant part that the one-year limitations period begins to run when "the judgment [of conviction] becomes final," rather than when any state collateral proceedings are at an end. Thus, federal courts look to the date on which a state conviction is affirmed on direct review, rather than to the date a state court denies collateral relief, as the date on which the custody judgment becomes final for purposes of computing the limitations period. Wade v. Robinson, 327 F.3d 328, 333 n. 4 (4th Cir.), cert. denied, 540 U.S. 912 (2003). Here, as stated above, petitioner's conviction became on November 28, 2013, when the appeal period following the entry of his guilty plea expired. Since over a year elapsed until petitioner filed his state petition for a writ of habeas corpus on February 9, 2015, this federal petition is untimely.

The fact that the state habeas application remains pending does not alter this conclusion. Because the federal limitations period expired before petitioner filed the state habeas petition, the pendency of the state habeas proceeding cannot toll the federal limitations period. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (holding that a state postconviction motion filed after expiration of the limitations period cannot toll the period, because there is no period

3

remaining to be tolled); Rashid v. Khulmann, 991 F.Supp. 254, 259 (S.D.N.Y. 1998) ("Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations."). Further, petitioner makes no attempt to establish that equitable tolling should apply in his case. Accordingly, this petition is time-barred from federal consideration.

### III. Conclusion

For the foregoing reasons, this petition must be dismissed with prejudice. An appropriate Order shall issue.

Entered this _5th_ day of _May_ 2015.

Alexandria, Virginia

/s/
T. S. Ellis, III
United States District Judge